**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FRANCHESA FAVORS and<br>ATLANTA ASSOCIATION OF<br>CLASSIFIED EMPLOYEES, | * <br> * <br> * <br> * | |
| Plaintiffs, | * <br> * | |
| v. | * <br> * | 1:15-CV-00364-ELR |
| ATLANTA INDEPENDENT SCHOOL<br>SYSTEM, et al., | * <br> * <br> * | |
| Defendants. | * <br> * | |

---

**O R D E R**

---

This matter comes before the Court on Magistrate Judge Linda T. Walker's

Final Report and Recommendation ("R&R") and Plaintiffs' objections thereto. For

the reasons stated herein, the Court overrules the objections and adopts the R&R as

the opinion of this Court.

**I.      Background**

This case centers on an employment dispute between the parties. At all

pertinent times, Plaintiff Franchesa Favors[1] worked at Sutton Middle School as a

School Clerk. In late 2013, the School Secretary position opened at the school, and

---

[1] Magistrate Judge Walker granted Plaintiffs' request to substitute Franchesa Favors for
Franchesa Akins as a named Plaintiff in this action in light of her divorce.

Favors applied. Jacqueline Middlebrooks, another School Clerk at Sutton Middle School, also applied. It is undisputed that Favors was a qualified candidate for the position, but as of early January 8, 2014, Favors had not been interviewed. After hearing that another individual had an interview scheduled, Favors became extremely upset, which caused her to suffer a serious health issue that required overnight hospitalization. Shortly thereafter, Favors submitted for FMLA leave, which was extended a number of times and approved through April 21, 2014. While Favors was on her FMLA leave, the school conducted interviews for the School Secretary position. The principal of the school told Favors that she was not interviewed for the position because, at the time of the interviews, she was out on her FMLA leave. On January 23, 2014, the same principal sent an email to the faculty and staff indicating that Middlebrooks was selected for the School Secretary position. However, Middlebrooks did not officially become the School Secretary until early April 2014. In her deposition, Favors believed that the principal should have waited for her to return from FMLA leave before filling the position so that she could be interviewed.

Upon her return from FMLA leave, Favors contends that she was harassed by the principal and given different work assignments. Favors was also required to move from her office to a desk at the front of the school to assist with end of the year activities. Favors made a number of internal complaints to Atlanta

Independent School System during this time. At the end of the school year, a new principal arrived at Sutton Middle School.

To start the 2014-2015 school year, Favors was scheduled to return to work on July 24, 2014. However, for a number of reasons, Favors did not return until July 28, 2014. Favors states that she left a number of messages on the school's main line and/or with co-workers to explain her absence. Upon her return, Favors had a verbal confrontation with the new principal regarding her absence. On August 13, 2014, Favors received a letter from the Chief Human Resources Officer Pamela Hall, which stated that her four-day absence would be considered job abandonment and/or voluntary resignation. When Favors attempted to return to work the following day, she was escorted from the premises.

Favors initially filed suit in the Superior Court of Fulton County, Georgia on December 23, 2014. Defendants thereafter removed the suit to this Court on February 5, 2015. Defendants moved to dismiss, which the Court granted in part and denied in part. (Doc. No. 21.) The Court additionally allowed Favors leave to amend her complaint. (Id.) Favors filed an amended complaint on October 6, 2015, in which Plaintiff Atlanta Association of Classified Employees was added as a party. After a number of discovery extensions and disputes, Defendants eventually moved for summary judgment on August 15, 2016.

Magistrate Judge Walker's R&R recommends granting Defendants' Motion for Summary Judgment as to Plaintiffs' claims pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Within the R&R, Magistrate Judge Walker additionally denied Plaintiffs' Motion to Amend; granted Plaintiffs' Motion for Extension of Time; and denied as moot Plaintiffs' Motion to Strike and Motion for Sanctions. Plaintiffs object to Magistrate Judge Walker's R&R and Order on their Motion to Strike.

## II.   Judge Walker's Order on Plaintiffs' Motion to Strike

First, Plaintiffs object to Magistrate Judge Walker's non-dispositive Order on Plaintiffs' motion to strike. With the motion to strike, Plaintiffs asked the Magistrate Judge to exclude (1) Defendants' submissions in opposition to Plaintiffs' response to Defendants' Statement of Material Facts and (2) certain arguments contained within Defendants' response to Plaintiffs' Statement of Material Facts. Plaintiffs contend that these filings violate the Court's Local Rules. Magistrate Judge Walker held that the Court would only consider the facts presented in the parties' Statement of Material Facts in compliance with the Local and Federal Rules, and therefore deemed the motion moot.

Pursuant to Federal Rule of Civil Procedure 72(a), a party may serve and file objections to a Magistrate Judge's non-dispositive order, and the district judge "must consider timely objections and modify or set aside any part of the order that

is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Saunders v. Emory Healthcare, Inc., No. 1:07-cv-00282-WSD-GGV, 2008 WL 513340, at *3 (N.D. Ga. Feb. 22, 2008) (quoting Holton v. City of Thomasville Sc. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." Pigott v. Sanibel Dev., LLC, No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (internal quotations omitted). "The standard for overturning a Magistrate Judge's order is 'a very difficult one to meet.'" Saunders, 2008 WL 513340, at *3 (quoting Thornton v. Mercantile Stores Co., 180 F.R.D. 437, 439 (M.D. Ala. 1998)). Where, as here, "the Magistrate Judge has had the opportunity to best observe the parties' actions in the litigation thus far and . . . has maintained firm and vigilant control over the docket of the case, the court is loathe to second guess matters of discretion." Edelen v. Campbell Soup Co., No. 1:08-cv-00299-JOF-LTW, 2009 WL 4798117, at *2 (N.D. Ga. Dec. 8, 2009).

Plaintiffs object to the Magistrate Judge's ruling and argue that the decision "was clearly erroneous and contrary to every applicable local and federal rule on

the matter." (Doc. No. 143 at 13.) Stated differently, Plaintiffs posit, without any evidentiary support, that Magistrate Judge Walker acted with "clear disregard of the local rules that prohibit these types of unauthorized supplemental pleadings . . . ." (Id.)

Upon review, the Court finds Plaintiffs' objection to be without merit. First, Rule 12(f) of the Federal Rules of Civil Procedure only authorizes the Court to "strike" pleadings; it does not authorize the Court to strike a reply. FED. R. CIV. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); see id. at 7(a) (defining "pleadings" as complaints, answers, or replies to answers); see also Perez v. DSI Contracting, Inc., No. 1:14-cv-282-LMM, 2015 WL 12618779, at *7 n.4 (N.D. Ga. July 24, 2014). Thus, it would not have been error for Magistrate Judge Walker to deny Plaintiffs' motion outright, as procedurally improper.[2] Instead, Magistrate Judge Walker simply denied the motion as moot and indicated that she would only consider materials filed in accordance with the Local and Federal Rules. The Court finds no error in this decision.

The procedural technicalities of motions to strike notwithstanding, there is no indication in the R&R, and Plaintiffs cite to none, that Magistrate Judge Walker actually considered Defendants' filings in contravention of any applicable rules or

---

[2] Because the motion was procedurally improper, the Court similarly finds no error in Magistrate Judge Walker's decision not to award Plaintiffs costs of filing the motion.

her own ruling. Rather, Magistrate Judge Walker expressly indicated that she would only consider the evidence in compliance with the Local and Federal Rules. In light of these facts, Magistrate Judge Walker properly deemed the motion moot. Stated differently, the Magistrate Judge did not misapply the relevant law, nor is the Court "left with the definite and firm conviction that a mistake has been committed." Saunders, 2008 WL 513340, at *3; Pigott, 2008 WL 2937804, at *5. Accordingly, the Court overrules Plaintiffs' objection.

## III.   Judge Walker's R&R

Defendants moved for summary judgment on all of Plaintiff's claims, which included five state law claims and federal claims for interference and retaliation pursuant to the FMLA. In the R&R, Magistrate Judge Walker recommends that this Court grant Defendants' Motion for Summary Judgment as it pertains to the FMLA claims and decline to exercise supplemental jurisdiction over the remaining state law claims. Plaintiffs object.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). Portions of the R&R, to which no objection has been made, are reviewed for clear error. See Thomas v. Arn, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006). However, the

Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).  A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).

> It is improper for an objecting party to attempt to relitigate the entire content by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation.

Lamar v. State of Ala. Dep't of Conversation, No. 1:14-cv-571-JDW-PWG, 2017 WL 517824, at *2 n.6 (M.D. Ala. Feb. 8, 2017) (quoting Camardo v. Gen Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) (internal alterations and quotation marks omitted). Furthermore, "the district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).

At the outset, Plaintiffs make a number of generalized objections that Magistrate Judge Walker gave deference to Defendants' version of the facts, incorrectly considered Defendants' assertions as being undisputed, construed

8

disputed facts in Defendants' favor, disregarded Plaintiffs' facts, and otherwise failed to apply the correct standard on summary judgment. (Doc. No. 143 at 2–3.) Because these objections are general, vague, and conclusory, the Court does not consider them.

With the remainder of Plaintiffs' objections, Plaintiffs aver that the Magistrate Judge erred in granting summary judgment on both the FMLA interference and retaliation claims.

As to the FMLA interference claim, Plaintiffs argue that the Magistrate Judge erred in recommending dismissal because the Magistrate Judge improperly considered the claim as simply an interference claim rather than a possible retaliation claim, and Plaintiffs presented sufficient evidence to show that Favors suffered prejudice to her FMLA rights. As to the FMLA retaliation claim, Plaintiffs contend that the Magistrate Judge's decision was based on three legally and/or factually erroneous conclusions: (1) Plaintiff's treatment by the principal upon her return from FMLA leave was not materially adverse; (2) Plaintiffs could not establish causation through temporal proximity alone; and (3) Pamela Hall, who determined that Plaintiff voluntarily resigned from her position, was unaware that Plaintiff previously engaged in protected activity. Plaintiffs assign no error to the Magistrate Judge's recommendation to decline supplemental jurisdiction, and

instead argue that this Court could deny summary judgment on the FMLA claims and still remand the entire case to the Superior Court of Fulton County.[3]

The Court has conducted a *de novo* review of the portions of the R&R to which Plaintiff has objected. The Court finds that Magistrate Judge Walker thoroughly considered, and appropriately rejected, most of the arguments raised by Plaintiffs in their objections. To the extent Plaintiffs seek to raise objections not previously argued before the Magistrate Judge, the Court need not consider them. Williams, 557 F.3d at 1292. In any event, the Court finds the remainder of Plaintiffs' objections to be without merit, and even accepting the allegations in Plaintiffs' objections as true, summary judgment for Defendants is still due to be granted on the FMLA claims. Stated differently, after a *de novo* review, the Court finds the R&R to be well-reasoned and correct. As to the portions of the R&R to which Plaintiffs have not raised any objection, the Court has reviewed them for clear error and finds none.[4]

---

[3] In response to Plaintiffs' objections, Defendants argue that the Court should exercise supplemental jurisdiction over the remaining state law claims. (Doc. No. 144 at 12–14.) Defendants only raise this issue in response to Plaintiffs' objections and did not timely object to the Magistrate Judge's recommendation. Therefore, the Court reviews the decision for clear error and finds none.

[4] The Court has also considered whether this case would be a good candidate for the Court's Alternative Dispute Resolution Program. LR 16.7, N.D. Ga. Upon consideration, the Court finds that it is not.

## IV.    Conclusion

The Court **OVERRULES** Plaintiffs' Objections to the Magistrate Judge's R&R (Doc. No. 143); **ADOPTS** the R&R as the opinion of this Court (Doc. No. 141); **GRANTS** Defendants' Motion for Summary Judgment as it pertains to Plaintiffs' FMLA claims (Doc. No. 89); and **REMANDS** Plaintiffs' state law claims to the Superior Court of Fulton County.

**SO ORDERED**, this 21st day of March, 2017.

Eleanor L. Ross
United States District Judge
Northern District of Georgia

11